UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RITA PERRY, as Administrator of the Estate of MELISSA MROCZEK, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:08 CV 181 PPS ) |
| TIMOTHY P. SILLS and UNITED PARCEL SERVICE a/k/a/ UPS | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Melissa Mroczek brought this negligence action against Defendants United Parcel Service ("UPS") and Timothy Sills, a UPS driver, claiming that Sills negligently operated a UPS semi-tractor trailer, resulting in a traffic accident that caused Mroczek injuries. Before the Court is Defendants' motion for summary judgment. The issue is whether Sills' breached his duty to keep a proper lookout by failing to check for traffic in his own lane before initiating a right hand turn. Because the undisputed facts show he did not, Defendants motion for summary judgment is granted.

## BACKGROUND

After filing this Complaint, Mroczek passed away for reasons that having nothing to do with the accident.[1] So the following account of events comes exclusively from Sills, which of course makes it undisputed. Sills was driving a UPS semi-tractor trailer westbound on U.S. Highway 30 in Indiana. (Sills Dep. at 17-19.) His load was a 48-foot box trailer filled with

---

[1] Rita Perry, Administrator of Mroczek's estate, was substituted as Plaintiff in this matter. (DE 41.)

packages he picked up earlier that morning in Ohio. (*Id*. at 9, 13.) Sills stopped at a red light at the intersection of U.S. 30 and U.S. 41. Sills planned on taking a break at a strip mall that was up on the right about sixty yards beyond the intersection. (*Id*. at 18-20.) The truck was positioned in the far right lane of the highway. (*Id*. at 18.) Traffic was light, and the weather was sunny, clear, calm, and dry. (*Id*. at 11, 19.)

When the light turned green Sills moved slowly forward. (*Id*. at 19, 24.) As he cleared the intersection he turned on his right turn signal and approached the strip mall entrance, again, from the far right hand lane. (*Id*. at 19-20.) The turn into the strip mall was clear, and after checking his left side mirror, Sills hooked the truck wide into the left lane so he could make the right hand turn into the strip mall. (*Id*. at 20-21.) This common maneuver, well known to any motorist, was necessary to clear the 48-foot trailer through the strip mall entrance. (*Id*. at 20-22.) Sills' turn signal was on for five to eight seconds before he initiated the turn. (*Id*. at 20.) As he made the right turn, between half and three-quarters of his truck was in the left lane, while the back end of the trailer remained in the right lane. (*Id*. at 21-22.) Sills did not check his right side mirror before attempting the turn. (*Id*. at 21.)

Prior to completing the turn, Sills saw a "white flash" in his right mirror, and the passenger side of Sills truck struck Mroczek's car, which was approaching from behind and passing him on the right in his own lane. (*Id*. at 22-23.) It bears repeating that Sills' truck remained partially positioned in the far right lane when it collided with Mroczek's car as she attempted to pass him on the right. (*Id*. at 25.)

## DISCUSSION

Plaintiff alleges that Sills negligently operated his truck by failing to keep a proper

2

lookout. The nub of the claim is that Sills was negligent by not looking in his right hand mirror before making the right turn. In his summary judgment motion, Sills contends that his duty to keep a proper look out did not extend to Mroczek, since she was unlawfully passing him in his own lane, and furthermore, because Mroczek's negligent conduct caused the accident.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248.

To prevail on a negligence claim the plaintiff must show: (1) a duty owed to plaintiff by defendant; (2) that the defendant breached that duty; and (3) a compensable injury was proximately caused by defendant's breach. *King v. Northeast Security, Inc.*, 790 N.E. 2d 474, 484 (Ind. 2003). Although whether a duty exists is a question of law, breach of that duty is generally a question for the jury to decide. *Stephenson v. Ledbetter*, 596 N.E. 2d 1369, 1371-72 (Ind. 1992). But "where the facts are undisputed and lead to but a single inference or conclusion [] the court [may] as a matter of law determine whether a breach of duty has occurred." *King*, 790 N.E. at 484.

As an initial matter, Defendants argue that because Mroczek passed away prior to giving testimony, and because there were no other witnesses to the accident, Plaintiff can provide no evidence to dispute the facts set forth by Defendants, as Rule 56(c) requires. But this can't be right. Suppose Sills admitted in his deposition that he was making the right hand turn completely from the left lane. Under Sills reading of Rule 56, Mroczek still could not defeat summary judgment even when the defendant admits that he was negligent. This is just another way of saying that a plaintiff can fend off summary judgment by relying on deposition testimony from the defendant. *See Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987).

Plaintiff's theory is that Sills breached his duty to keep a proper lookout by failing to look in his right hand mirror before initiating his right turn. Defendants counter that Sills' duty to keep a proper lookout did not extend to Mroczek, who was in the far right lane, immediately behind Sills. In other words, a driver has no duty to keep a lookout for someone right behind him when making a right hand turn from the right lane. According to Defendants, Sills clearly should have recognized that Sills was attempting a right turn. It was thus Mroczek's negligence that caused the accident by attempting to pass Sills on the right as he attempted a right turn.

Motorists have a duty to maintain a proper lookout and use ordinary care in avoiding collisions. *McDonald v. Lattire*, 844 N.E. 2d 206, 213 (Ind. Ct. App. 2006). The Indiana Supreme Court defines maintaining a proper lookout as "the duty to see that which is clearly visible or which in the exercise of due care would be visible." *Thornton v. Pender*, 377 N.E. 2d 613, 617 (Ind. 1978). But a motorist "is not required to anticipate extraordinary hazards, nor to constantly expect and search for unusual dangers." *McDonald*, 844 N.E. 2d at 213. Indeed, "[u]nless a party has notice to the contrary, he has the right to assume others who owe him a duty

4

of reasonable care will exercise such care." *Id*.

What this means is that drivers do not have to anticipate the unreasonable actions of others. And cases from Indiana support this commonsense proposition. For example, in *Anderson v. Pre-Fab Transit Co., Inc.*, 409 N.E. 2d 1157, 1162 (Ind. Ct. App. 1980), the defendant collided with plaintiff's car after failing to stop at a red light. The plaintiff, who had the green light, admitted that he did not look both ways before entering the intersection. *Id*. But the Indiana Court of Appeals found that this was neither here nor there because a motorist has no duty to look in both directions on a non-preferred road to see if any approaching drivers were going to violate the law. *Id*. at 1163; *see also Wallace v. Doan*, 292 N.E.2d 820, 825 (Ind. Ct. App. 1973) ("The law does not require a person lawfully operating a motor vehicle on a preferred street or highway to turn her head and look to the right and to the left before entering and traversing any non-preferred street intersecting the preferred highway.").

Here, based on the undisputed facts, a reasonable jury could only conclude that Sills used due care in negotiating his right hand turn. The evidence shows that Sills slowly approached the intersection from the far right lane, with his right turn signal on. A portion of his trailer remained in the right lane throughout the turn. Sills did everything a reasonable and prudent driver under similar circumstances would do to show drivers in his vicinity that he was negotiating a right turn into the strip mall parking lot.[2] And a reasonable driver following behind

---

[2] Given that Sills was pulling a 48-foot semi-tractor trailer, it should not have been surprising that he used a portion of the lane to his immediate left to negotiate the turn. *See* IND CODE § 9-21-8-21(a)(1) ("A person who drives a vehicle intending to turn at an intersection must . . . [m]ake both the approach for a right turn and a right turn *as close as practical* to the right-hand curb or edge of the roadway.") (emphasis added). Regardless, Plaintiff presents no evidence that Mroczek thought Sills was doing anything but turn right as he approached the intersection.

would have recognized that Sills was turning right. But instead of waiting until Sills completed his turn, Mroczek improperly attempted to pass him on the right.

In doing so, Mroczek was violating an Indiana law which says that a driver may pass on the right of another driver only when the vehicle "is making or about to make a left turn" or on "a roadway with unobstructed pavement of sufficient width for two (2) or more lanes of vehicles moving lawfully in the direction being traveled by the overtaking vehicle." IND CODE § 9-21-8-6(a). Indeed, "[v]iolation of this statute raises a presumption of negligence which the offender must then rebut." *Town & Country Mut. Ind. Co. v. Hunter*, 472 N.E. 2d 1265, 1270 (Ind. Ct. App. 1984). Yet, no evidence suggests that Mroczek thought Sills was turning left. And, given the facts, such an inference is unreasonable. Moreover, the pavement was obstructed by Sills' 48-foot tractor trailer when Mroczek made her move to pass Sills. The bottom line is that Mroczek should not have attempted to pass Sills on the right when he was obviously turning that way.

In addition, the evidence suggests that even if Sills had checked his right mirror before turning, he would not have avoided the collision. Presumably, Mroczek was directly behind Sills prior to his turn and, because Sills' semi-tractor trailer occupied the far right lane, Mroczek would not have been able to attempt her pass until after Sills initiated the turn. Thus, an initial glance in his right mirror at the outset of his turn would not have done the job; Sills would have had to continue to look in his right mirror throughout the entire turn to avoid Mroczek – quite a task considering his haul was a 48-foot box trailer. But Sills was entitled to assume that drivers proceeding behind him and in the same lane would exercise reasonable and ordinary care, and he was "not required to anticipate extraordinary hazards, nor to constantly expect and search for

unusual dangers." *McDonald*, 844 N.E. 2d at 213 (granting defendant's motion for summary judgment because "[t]he duty to keep a proper lookout and use reasonable care does not require a motorist to do the impossible to avoid a collision.") (internal quotations omitted). And, as in *Anderson*, no evidence suggests that Sills had notice that Mroczek would attempt to unlawfully pass him on his right while he made his turn.

I am mindful that courts rarely grant summary judgment in negligence cases because the analysis is generally fact-driven. *See*, *e.g.*, *Wilkerson v. Harvey*, 814 N.E. 2d 686, 694 (Ind. Ct. App. 2004) (summary judgment inappropriate because questions of fact existed as to whether driver "appropriately reduced speed" under applicable statute upon entering an intersection and approaching a hazard); *Osterloo v. Waller ex rel. Wallar*, 758 N.E. 2d 59, 62-63 (Ind. Ct. App. 2001) (same). But here the facts are undisputed. Therefore, because Sills took every reasonable step to alert drivers in his vicinity that he was turning right, and because he was not required to anticipate extraordinary hazards, the only reasonable inference is that Sills acted with due care and did not breach his duty to keep a proper lookout by failing to check for traffic in his own lane before turning right.

Accordingly, based on the undisputed facts, no reasonable jury could find for Plaintiff, and Defendants are entitled to summary judgment on Plaintiff's negligence claim against them. Defendants' motion for summary judgment (DE 28) is therefore **GRANTED**.

**SO ORDERED**.

Entered: November 6, 2009

 s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT